On respondent's reconsideration filed January 28,
reconsideration allowed, former opinion filed December 29, 1980
(49 Or App 1033, 621 P2d 651) adhered to as modifed March 9,
petition for review allowed May 19, 1981

STATE OF OREGON,
*Respondent,*

*v.*

STEVEN J. FIELDS,
*Appellant.*

(No. 10-79-08668, CA 18187,
No. 10-79-10392, CA 18188,
No. 10-80-02563, CA 18189)

(Cases Consolidated.)

624 P2d 655

Dave Frohnmayer, Attorney General, John R. McCulloch, Jr., Solicitor General, William F. Gary, Deputy Solicitor General, and Richard David Wasserman, Assistant Attorney General, Salem, for petition.

Before Schwab,* Chief Judge, and Richardson and Buttler, Judges.

BUTTLER, J.

---

*Joseph, C. J., *vice* Schwab, C. J., retired.

**BUTTLER, J.**

The state petitions for reconsideration of the portion of our opinion, 49 Or App 1033, 621 P2d 651 (1980), relating to CA 18189, which reversed and remanded defendant's conviction for unauthorized use of a motor vehicle (ORS 164.135) on the ground that statements of the defendant should have been suppressed pursuant to *Miranda v. Arizona,* 384 US 436, 86 S Ct 1602, 16 L Ed 2d 694 10 ALR3d 974 (1966). We allow the petition, modify our opinion, and adhere to the opinion as modified.

■      The state points out that the testimony of defendant's probation officer (Mohr), which we quoted at 49 Or App 1038 and which is to the effect that Mohr would have asked the defendant to remain had the defendant sought to leave the scene of the interrogation, was given at defendant's probation revocation hearing (CA 18187 and 18188) and not at the pretrial suppression hearing in connection with the criminal charge (CA 18189). The state also points out that Mohr's testimony at the suppression hearing was to the opposite effect. The state's two factual points are correct, and the state is also correct in contending that only the testimony at the pretrial suppression hearing is relevant to whether defendant's statements should have been suppressed as evidence at the criminal trial, the subject of this petition. Our earlier opinion is modified accordingly.

■      However, we reject the state's argument that the difference in Mohr's testimony requires a different conclusion on the issue of whether defendant, as a reasonable person, would have reasonably believed he was free to leave the interrogation scene voluntarily. *State v. Paz,* 31 Or App 851, 860, 572 P2d 1036 (1977), *rev den* (1978). We adhere to our opinion that, under the totality of circumstances described at 49 Or App 1038, "a reasonable person in defendant's circumstances would reasonably have concluded that he was not free to leave." 49 Or App at 1038-39.

The state now contends that we have expanded the scope of custodial interrogation as analyzed in *Oregon v. Mathiason,* 429 US 492, 97 S Ct 711, 50 L Ed 714 (1977). We have not. In so contending, the state ignores the distinction between our denying suppression of evidence, derived

from defendant's interrogation, in the probation revocation hearing (CA 18187 and 18188, to which the pending petition does not relate) and the suppression of the same evidence in the criminal proceeding (CA 18189). Unlike *Mathiason,* the defendant here did not voluntarily go any place to be interrogated by a police officer; he went to his probation officer's office on the latter's instruction, which, as a probationer, he was required to do or be in violation of his obligation to cooperate with his probation officer. Mr. Mohr testified at the suppression hearing:

"Q. When you went to pick up Mr. Fields at his residence on the morning of the 11th, did you give him any kind of a choice to come with you or not? Did you say to him, 'Let's go down to my office to fill out your monthly report,' or did you say 'Would you mind coming down,' or how did you put it?

"A. I cannot remember the specific wording of how I presented it to him. I do remember basically that I had said that I was going to have him come down to the office and fill out a monthly report, and then I wanted to talk to him."

Defendant was not asked to come to the office to talk to the police officer; he was confronted by the police after he arrived at the probation office and had completed the monthly report Mohr asked him to complete in connection with his probation. What the state really seeks here is an extension of *Mathiason* to permit a defendant's "voluntary" meeting with his probation officer to be converted into a voluntary submission to interrogation by the police arranged *sub rosa* between the probation officer and the police. We decline to do so. Candor between the probation officer and the probationer should be a two-way street.

We granted the petition for reconsideration to correct our factual error in quoting the testimony of Mohr at the revocation hearing. The fact that Mohr's testimony at the pretrial suppression hearing differed from the testimony he gave at the revocation hearing, and which we quoted in our opinion, does not alter our analysis or our conclusion.

Petition for reconsideration allowed; former opinion adhered to as modified.